IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE MOTION TO CONFIRM ARBITRATION AWARD DEMOCRATIC NATIONAL COMMITTEE | : : : : : | CIVIL ACTION NO. 19-4072 |
| *Plaintiff* | : : | |
| v. | : : | |
| REPUBLICAN NATIONAL COMMITTEE 2018 WL 7568871 (JUNE 6, 2018) BY HON. PETER J. WIRS TRUSTEE OF THE LINCOLN CHARITABLE TRUST | : : : : : : | |
| *Defendant* | : | |

# ORDER

**AND NOW**, this 6th day of December 2019, upon consideration of the *motion to confirm arbitration award and application for authorization for attorney fees for receiver in aid of arbitration*, [ECF 1], filed by Peter J. Wirs ("Mr. Wirs"), Defendant's response in opposition, [ECF 3], and Mr. Wirs sur-reply, [ECF 5], it is hereby **ORDERED** that the motion is **DENIED**, and this matter is **DISMISSED**, *with prejudice*.[1] The Clerk of Court is directed to mark this matter **CLOSED**.

---

[1] By way of this action, Mr. Wirs, purportedly on behalf of either the Democratic National Committee or the Lincoln Charitable Trust, of which he purports to be the Trustee, seeks confirmation of an arbitration award allegedly entered against Defendant Republican National Committee, by Mr. Wirs, the sole arbitrator. As laid out in great detail in Defendant's opposition brief, this matter has a protracted history, *albeit* in several other courts. That protracted history, however, unequivocally demonstrates that Mr. Wirs' claims have been fully adjudicated and rejected by both state and federal courts.

Mr. Wirs first sought confirmation in the Philadelphia Court of Common Pleas, Orphan's Court, of the same arbitration award presented here. *See In re Roosevelt-Bentman Trust for American Voters*, O.C. No. 608 IV of 2014, Cont. No. 141397 (Ct. Com. Pl. Orphan's Court May 29, 2015); *In re Roosevelt-Bentman Trust for American Voters Inter Vivos Trust*, 2016 WL 783628 (Pa. Super. Ct. Feb. 29, 2016). Over the course of that state court litigation, Mr. Wirs' petition to confirm the arbitration award was fully considered on the merits and was dismissed. *Id*. When Mr. Wirs sought confirmation of that same arbitration award in the United States District Court of the District of Columbia, that court dismissed Mr. Wirs' petition on the basis of the *Rooker-Feldman* doctrine, since Mr. Wirs was effectively seeking to confirm an arbitration award that the Pennsylvania state courts had previously determined was invalid.

*Peter J. Wirs, Trustee of the Lincoln Charitable Trust v. Republican National Committee*, Civ. A. No. 17-1254 (D.D.C. May 16, 2018). Mr. Wirs now seeks confirmation of this same invalid arbitration award.

Based on this procedural history, this Court finds that Mr. Wirs' claims in this matter have been fully litigated in the Pennsylvania courts, as well as the District Court for the District of Columbia. As such, Mr. Wirs' claims are precluded by the *Rooker-Feldman* doctrine and *res judicata*. Under the *Rooker-Feldman* doctrine, federal courts other than the United States Supreme Court are prohibited "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The *Rooker-Feldman* doctrine bars a federal claim "if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is "inextricably intertwined" with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). Here, Mr. Wirs essentially seeks confirmation of an arbitration award that the Pennsylvania state courts have already rejected. As such, this Court's consideration of the same claim is precluded by the *Rooker-Feldman* doctrine.

Mr. Wirs' claims are also precluded by *res judicata*. The doctrine of *res judicata* "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 (1979). For the doctrine of *res judicata* to apply, the following three requirements must be met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991); *see also Mullarkey v. Tamboer (In re Mullarkey)*, 536 F.3d 215, 225 (3d Cir. 2008). In determining whether the causes of action are the same, a court must "look toward the essential similarity of the underlying events giving rise to the various legal claims." *Lubrizol*, 929 F.2d at 963 (citations omitted). Under this approach, the focus of the inquiry is "whether the facts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

In this action, Mr. Wirs seeks confirmation of the same arbitration award for which he sought confirmation in both the state court litigation and the prior federal litigation. In the state court litigation in particular, Mr. Wirs' claims were dismissed by a final judgment on the merits. Because Mr. Wirs seeks the same remedy here as he sought in both the previous state and federal litigation, his claims are precluded by the doctrine of *res judicata*. Accordingly, Mr. Wirs' motion is denied, and this action is dismissed.

By Order dated November 13, 2019, this Court directed Mr. Wirs to show cause why this matter should not be dismissed due to Mr. Wirs' lack of authorization to prosecute this matter as a non-attorney. [ECF 18]. In that Order, Mr. Wirs was advised that if he failed to provide proof that he is a licensed attorney in good standing and admitted to appear in the Eastern District of Pennsylvania or if a licensed attorney did not enter an appearance on behalf of the appropriate party, this matter would be dismissed. On December 5, 2019, Mr. Wirs, without counsel, filed his response to this Court's Order. [ECF 26]. Mr. Wirs' response did not provide the requisite authorization to prosecute this matter. Further, to date, no licensed attorney has entered an appearance to represent either the Democratic National Committee or the Lincoln Charitable Trust. Accordingly, this matter is also dismissed due to Mr. Wirs' lack of authorization to prosecute this matter.

Lastly, as the protracted history of this matter demonstrates, Mr. Wirs has exhibited an inability to abide by the decisions of both state and federal courts. This flagrant disregard for court orders and judgments has been further exhibited in this matter by Mr. Wirs' repeated failure to obtain counsel to litigate the purported interests of either the Democratic National Committee or the Lincoln Charitable Trust.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Despite having been advised by this Court of his inability to represent either of these entities in this litigation—due to the fact that he is not a licensed attorney—Mr. Wirs has continued to file numerous frivolous filings. Mr. Wirs is advised that any further unauthorized filings may be met with sanctions.

3