## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE MOTION TO CONFIRM ARBITRATION AWARD BY HON. PETER J. WIRS**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**REPUBLICAN NATIONAL COMMITTEE** *et al.*<br><br>     **Defendant.** | **CIVIL ACTION NO. 19-4072** |

### MEMORANDUM OPINION

**Rufe, J.**                     **September 30, 2021**

   The present motions arise from *pro se* Plaintiff Peter J. Wirs's many attempts to confirm a series of alleged arbitration awards against Defendant Republican National Committee ("RNC").[1] On December 30, 2020, Wirs filed a First Motion for Relief from Judgment due to Fraud on the Court Pursuant to Fed.R.Civ.P.60(d)(3), alleging that the decisions of the District Court and Third Circuit were the result of fraud on the Court.[2] In response to Wirs's Rule 60 Motion, the RNC filed a motion for sanctions against Wirs under Rule 11 of the Federal Rules of Civil Procedure.[3] For the reasons explained below, Wirs' motion will be denied, and the RNC's motion will be granted.[4]

---

[1] The case was reassigned from the docket of the Honorable Nitza Quiñones Alejandro on August 31, 2020.

[2] Pl.'s Mot. Relief J. [Doc. No. 36] at 1–2.

[3] Def.'s Mot. Sanctions [Doc. No. 37] at 1.

[4] Plaintiff's Motion to Stay will be denied. This motion is addressed in its entirety in Section IV below.

## I.   BACKGROUND

The case before this Court arises from a continuous dispute spanning seven years and at least three jurisdictions. The background of this case has been extensively discussed in prior filings. Because sanctions are sought, however, the Court must consider the full scope of Wirs's allegedly vexatious and frivolous litigation in order to fairly evaluate whether the RNC's requested sanctions against Wirs are meritorious. Thus, a detailed recounting of the background of this case is warranted. It is important to note at the outset that the discussion of arbitration hearings and awards does not refer to any proceedings before any recognized arbitral forum. Instead, it appears that Wirs himself sat as arbitrator and issued each "award" discussed herein.

### A.  Creation of the Trust and Proceedings in Pennsylvania State Court

In 2007, the 59th Republican Ward Executive Committee of Philadelphia, PA established the Lincoln Charitable Trust (formerly known as the Roosevelt-Bentman Trust for American Voters) (the "Trust").[5] While the Trust originally had three co-trustees, the trust agreement was later amended to provide for only one trustee, Peter J. Wirs.[6] The Trust was allegedly created for the purpose of making available certain technical support "for the complete and full access to, benefit of, and usage by any and all duly qualified national, state, county, municipal, ward, district, local and subordinate committees of the Democratic and Republican Parties."[7]

On May 2, 2014, the Trust, represented by counsel, filed a petition in the Philadelphia County Court of Common Pleas, Orphans' Court Division, "alleging that an arbitration award had been entered in favor of the 59th Republican Ward Executive Committee and against [the

---

[5] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 52.

[6] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 52.

[7] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 22.

RNC] purportedly effective June 12, 2009." The petition sought confirmation of the award and the entry of judgment against the RNC.[8] The RNC responded, arguing that it (1) had no "involvement with or any interest in the Trust"[9] and (2) "was never given an opportunity to be heard at the arbitration hearing" and only received "an email notification sent two days before the alleged award was to be effective."[10] The Orphans' Court ordered the parties to brief whether the arbitral forum had obtained jurisdiction over the RNC, but the Trust refused to address the issue, characterizing the Orphans' Court's role as a "ministerial duty." [11] The Orphans' Court dismissed the Trust's claim with prejudice.[12]

On March 6, 2015, Wirs, purportedly acting as Trustee, appealed the Orphans' Court's dismissal. The Orphans' Court entered an "Opinion in Support of Order" under Pennsylvania Rule of Appellate Procedure 1925 reiterating its early holding and noting that Wirs, as the apparent arbitrator of the 2009 award, lacked standing under Pennsylvania law to appeal as an "aggrieved party."[13] On February 29, 2016, the Pennsylvania Superior Court affirmed, holding that "the award entered after the arbitration hearing (presuming such hearing actually occurred) was never enforceable because of lack of jurisdiction"[14] and that the lack of notice to the RNC

---

[8] *Roosevelt-Bentman Trust for American Voters*, 44 Pa. D. & C.5th 404, 406 (Phila. Ct. Com. Pl. 2015).

[9] *Id*. at 406.

[10] *Id*. at 411.

[11] *Id*. at 412–13.

[12] *Id*. at 414–15.

[13] *See* Pa. R.A.P. 1925(a)(1) ("[U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.")

[14] *Roosevelt-Bentman Tr. for Am. Voters Inter Vivos Tr.*, No. 796 EDA 2015, 2016 WL 783628, at *3 (Pa. Super. Ct. Feb. 29, 2016).

and proceeding *in absentia* "resulted in the entry of an award that was unjust, inequitable and unconscionable."[15] The Pennsylvania Supreme Court denied Wirs leave to appeal.[16]

On March 6, 2017, the Orphans' Court granted a petition filed by the RNC and awarded it fees in the amount of $35,000 against Wirs and in the amount of $29,312.10 against Wirs and his attorney, jointly and severally, as sanctions for the conduct of Wirs and his attorney in the Pennsylvania state courts.[17] Wirs again appealed. The Superior Court dismissed the appeal, and the Pennsylvania Supreme Court denied a petition for allowance of appeal, "ending the state court litigation."[18]

**B. Proceedings before the United States District Court for the District of Columbia**

On June 9, 2017, Wirs, proceeding *pro se* and purportedly acting as the Trustee of the Trust, filed a "Petition to Confirm Arbitration Award" against the RNC in the United States District Court for the District of Columbia attempting to confirm a new award allegedly issued in 2016. The District Court dismissed Wirs's claim on May 16, 2018, holding that his claims were barred under the *Rooker-Feldman* doctrine and principles of *res judicata*. Notably, the District Court found that, while Wirs attempted to "avoid the application of *Rooker-Feldman* by noting that the Pennsylvania decisions related to a 2009 arbitration award, as opposed to [the] 2016

---

[15] *Roosevelt-Bentman Tr. for Am. Voters Inter Vivos Tr.*, No. 796 EDA 2015, 2016 WL 783628, at *3 (Pa. Super. Ct. Feb. 29, 2016).

[16] *In re Roosevelt-Bentman Tr.*, 2016 Pa. LEXIS 1737.

[17] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 7; July 22, 2016 Order of Pa. Super. Ct. [Doc. No. 3-3] at 2–3 (finding that Wirs's "appeal was frivolous and his conduct was dilatory, obdurate and vexatious" and awarding counsel fees against him). *See also In re Roosevelt-Bentman Tr. for Am. Voters Intervivos Tr.*, No. 2113 EDA 2017, 2018 WL 4766550, at *2, *2 n.4 (Pa. Super. Ct. Oct. 3, 2018) (quotations omitted) (characterizing the awards of the Orphans' Court against Wirs and his then-lawyer, Lawrence M. Otter, Esq., as "a sanction . . . for dilatory, obdurate, or vexatious conduct during the pendency of a matter.").

[18] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 7.

award . . . the 2016 award was simply a reissuance of the 2009 award [and] results from the same faulty arbitration process undergirding the Pennsylvania courts' opinions."[19]

### C.  Proceedings before the United States Bankruptcy Court for the Eastern District of Pennsylvania

Wirs then turned to another court. Proceeding *pro se* and claiming to act on behalf of the Democratic National Committee (the "DNC"), Wirs filed a petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania seeking to confirm yet another fake arbitration award as part of Wirs's personal bankruptcy.[20] Wirs claimed that an arbitration hearing was held on June 4, 2018 and that a "slip opinion" was issued on June 6, 2018.[21] In this alleged arbitration, Wirs acted as both Trustee and sole arbitrator, and apparently authored the "slip opinion." While neither the DNC nor the RNC participated in this "arbitration," the "slip opinion" lists the DNC as "Grievant," and the RNC as "Respondent."[22] The RNC alleges that it was notified of this hearing by email on June 1, 2018.[23]

After receiving notice of Wirs's filing, the DNC disclaimed any interest or beneficiary status under the Trust, and rejected any notion that it had authorized Wirs to act on its behalf.[24] The text of the letter from the DNC's counsel, Perkins Coie LLP, is reproduced in its entirety below:

> "*Our firm is counsel to the Democratic National Committee ("DNC"). We have recently been informed that a filing has been submitted by Mr. Peter J. Wirs in the*

---

[19] *Wirs v. Republican Nat'l Comm.*, No. 17-1254, slip op. at 2 (D.D.C. May 16, 2018).

[20] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 11–12.

[21] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 29.

[22] *See generally* Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 29–330.

[23] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 10.

[24] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 11; Letter from General Counsel, DNC [Doc. No. 3-6].

*U.S. Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 19-10093-AMC, where Mr. Wirs claims to be acting on behalf of the DNC (the "Claim"). He also claims that the DNC is a beneficiary of the Lincoln Charitable Trust (the "Trust").*

*Please be advised that the DNC has never, does not now, and will not in the future authorize or consent to Mr. Wirs, or any entity he controls or with which he is affiliated, representing our organization before any court of law, tribunal, arbitration or mediation panel, or in any legal proceeding of any kind in any state or federal venue in the United States or in any foreign forum. Moreover, the DNC did not file the Claim, nor did the DNC authorize Mr. Wirs to file the Claim. The DNC has no connection with or interest in any arbitration award related to the Claim.*

*Please be further advised that the DNC has never, does not now, and will not in the future participate in or have any willing involvement with the Trust, its predecessor entities, any future entities that involve assets from the Trust, and/or any other charitable organization operated by Peter J. Wirs or for which Mr. Wirs acts as a Trustee. The DNC is not and has never been a knowing beneficiary of any such Trust; any allegations to the contrary are patently false.*

*To the extent that Mr. Wirs or the Trust asserts that the DNC is in fact a beneficiary of the Trust, the DNC has never consented to any involvement with the purported Trust. Furthermore, the DNC hereby disclaims any and all interest in said Trust that may have existed, does now exist, or could exist in the future.*

*Finally, the DNC has not and will not submit to personal jurisdiction for the resolution of the Claim, any claim against or in favor of the DNC, or any matter related to the Trust, its predecessor entities, any future entities that involve assets from the Trust, and/or any other charitable organization operated by Peter J. Wirs or for which Mr. Wirs acts as a trustee where Mr. Wirs serves as an arbitrator or before related entities.*

*Any questions may be directed to DNC Counsel at* [counsel's listed address]."[25]

"Presumably because Wirs does not, and as a non-attorney cannot, represent the DNC, at a hearing on Wirs's personal bankruptcy on September 3, 2019" the bankruptcy court stated that

---

[25] Letter from General Counsel, DNC [Doc. No. 3-6].

it would "dismiss [Wirs's] motion to confirm for lack of standing if he did not withdraw it."[26] Wirs then voluntarily withdrew his motion.[27]

### D. Proceedings before the District Court for the Eastern District of Pennsylvania and the Third Circuit Court of Appeals

The matter currently before the Court was initiated when Wirs, proceeding *pro se*, filed an "Uncontested Motion to Confirm Arbitration Award and Application for Authorization for Attorneys Fees for Receiver in Aid of Arbitration" in this Court, which was assigned to the docket of Judge Quiñones.[28] In this filing, Wirs sought confirmation of the fake 2018 arbitration award.[29] Wirs has admitted in the filings in this case that he interpreted the D.C. District Court's decision as an order to "do over" the supposed 2009 and 2016 arbitration proceedings.[30] Wirs, as arbitrator, decided that the RNC "reneg[ed] on a $20 million pledge to the Trust,"[31] and claimed to overturn the findings of the Pennsylvania courts and the D.C. District Court.[32]

---

[26] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 11.

[27] *Id.*

[28] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1]. "Uncontested" here is a deliberate mischaracterization; as the remainder of this section describes, Plaintiff's motion was in fact vigorously opposed.

[29] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 1.

[30] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 58 ("On May 16, 2018 the Federal Court in the District of the District of Columbia, effectively required the Trust to do over a prior arbitration proceeding, docketed at Res. 2009-23A and subsequently at Res. 2016-3A (MUR 2009-1) notwithstanding the court's erroneous misreading of the Pennsylvania Superior Court in applying the *Rooker-Feldman* abstention doctrine as to a prior confirmation proceeding of the award in Res. 2009-23A to the subsequent award in Res. 2016-3A.") *See also id.* at 58–59 (claiming that the grievance "found in" the 2009 Award was "merged into the informal grievance"); *id.* at 55 (claiming that the 2009 Award was "reissued as" the 2016 Award).

[31] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 57, 305.

[32] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 130–34 (characterizing the findings of the Pennsylvania state courts as "manufactured facts," and characterizing the dismissal of those as a "remand" that authorized Plaintiff to "reissue the same" in the 2016 Award); *id.* at 325 (ordering the RNC to "renounce all acts . . . perpetrated in furtherance of a fraud on the court committed in the Philadelphia Court of Common Pleas, Orphans Court Division, the Pennsylvania Superior Court and the United States District Court for the District of Columbia relating to false statements of material fact and clearly unreasonable legal arguments made relating to the confirmation of the Trust's prior awards docketed at 2009-22A (MUR 2009-1) and 2016-3A").

On December 6, 2019, the District Court denied Wirs's motion and dismissed the matter with prejudice, holding that Wirs's claims "have been fully adjudicated and rejected by both state and federal courts."[33] In that order, the District Court extensively warned Wirs that he ran the risk of being sanctioned if he continued his unauthorized and meritless litigation:

> "Lastly, as the protracted history of this matter demonstrates, Mr. Wirs has exhibited an inability to abide by the decisions of both state and federal courts. This flagrant disregard for court orders and judgments has been further exhibited in this matter by Mr. Wirs' repeated failure to obtain counsel to litigate the purported interests of either the Democratic National Committee or the Lincoln Charitable Trust. Despite having been advised by this Court of his inability to represent either of these entities in this litigation—due to the fact that he is not a licensed attorney—Mr. Wirs has continued to file numerous frivolous filings. Mr. Wirs is advised that any further unauthorized filings may be met with sanctions."[34]

Wirs appealed the District Court's ruling,[35] and the RNC subsequently filed a Motion to Alter Judgment requesting that the District Court hold Wirs in contempt, award the RNC compensation for the costs incurred due to Wirs' behavior, and declare Wirs a "vexatious litigant."[36] In that motion the RNC sought, among other requests, the same sanctions contained in its current Motion for Sanctions: an injunction preventing Wirs from submitting related filings without leave of court and a revocation of Wirs's access to the federal court e-filing docketing system, CM/ECF.[37] The District Court declined to grant sanctions against Wirs at that time, noting that:

> "[w]hile . . . Mr. Wirs has a history of ignoring the finality of court orders, as demonstrated by his attempts to renew the same litigation in different courts, Mr.

---

[33] Order Den. and Dismiss Mot. Confirm Arb. Award [Doc. No. 28] at 1 n.1.

[34] *Id.*

[35] *See* Notice of Appeal [Doc. No. 29].

[36] Resp.'s Motion Pursuant to Fed.R.Civ.P. 59(e) [Doc. No. 31], at 1–2.

[37] Resp.'s Motion Pursuant to Fed.R.Civ.P. 59(e) [Doc. No. 31], at 2.

> Wirs has not filed anything in this Court—other than a notice of appeal—since this Court issued its final order. As such, this Court is hopeful that Mr. Wirs will abide by this Court's orders going forward and refrain from commencing any further frivolous actions."[38]

However, the District Court again cautioned Wirs that "any further disobedience with respect to this Court's orders is likely to be met with sanctions."[39]

On August 3, 2020, the Third Circuit affirmed the District Court's holding that Wirs's claim was barred by the *Rooker-Feldman* doctrine and principles of *res judicata*.[40] While the Third Circuit refused to grant the RNC's independent motion for sanctions related to the appeal, the Third Circuit issued a third warning to Wirs that additional frivolous, meritless or vexatious filings might be met with sanctions.[41]

Plaintiff now brings the present Rule 60 Motion, asking this Court to "purge" this extensive record of fruitless litigation and affirm the supposed 2018 award,[42] which fully incorporates the previously-rejected 2009 and 2016 awards.[43] The RNC, in turn, has filed the present Motion for Sanctions, asking this Court to restrict Wirs's ability to make "further filings

---

[38] Order Den. Mot. Alter J. [Doc. No. 33] at 1 n.1.

[39] Order Den. Mot. Alter J. [Doc. No. 33] at 1 n.1.

[40] *In re Motion to Confirm Arb. Award*, 823 F. App'x 113, 114–15 (3d Cir. 2020) ("To the extent, if any, that Wirs sought to have the District Court conduct review of the earlier state court judgments entered against him, his claims are of the type that a federal court lacks jurisdiction to consider under the narrow *Rooker-Feldman* doctrine. To the extent that Wirs' motion was not barred by the *Rooker-Feldman* doctrine, the District Court properly held that his claims are barred under the doctrine of res judicata.").

[41] *Id*. at 116 n.6 ("Although we believe that sanctions are not warranted at this time, we caution Wirs that we will consider sanctions if he files repetitive, meritless, vexatious, or frivolous submissions.").

[42] Pl.'s Mot. Relief J. [Doc. No. 36] at 1.

[43] *See supra* n.27.

in this or any related matters without an attorney."[44] Following the filing of these competing

motions, the case was reassigned to this Court.[45]

On September 17, 2021, this Court ordered Wirs to show cause why, given his lack of

substantive response to the RNC's motions apart from further attempts to relitigate his

underlying claims and "bold and unsubstantiated" claims of fraud on the court, the Court should

not grant the RNC's motion for sanctions.[46] Wirs responded by filing the Motion to Stay, which

is discussed at length in Section IV.

## II.   RELIEF FROM JUDGMENT UNDER RULE 60

### A.   Legal Standard

Wirs brings his motion for relief from judgment under Rule 60 of the Federal Rules of

Civil Procedure. As a general matter, Rule 60 allows for relief to be granted from judgments or

orders, either on the motion of a party or on the Court's own motion. Wirs's Rule 60 Motion,

while at times difficult to parse, asserts a theory of "fraud on the court" that alleges both

misconduct and misrepresentations by counsel for the RNC[47] and misconduct and bias from

officers of the court.[48] Rule 60(b) provides, in relevant part, that a party may "move for relief

---

[44] Def.'s Mot. Sanctions [Doc. No. 37] at 1.

[45] Order Reassigning Case [Doc. No. 41].

[46] *See generally* Order to Show Cause [Doc. No. 42].

[47] *See, e.g.*, Pl.'s Reply Def.'s Mot. Sanctions [Doc. No. 40] ("No matter how much Opposing Counsel attempts to deceive and defile this Court, with egregiously false arguments, fallacies, alternative facts and misinformation, the facts remain the same: Opposing Counsel has committed a Fraud on the Court."); Pl.'s Mot. Relief J. [Doc. No. 36] at 4 (arguing that counsel for the Defendant "deliberately and knowingly" made "false claims, defenses and other legal contentions.").

[48] *See, e.g.*, Pl.'s Mot. Relief J. [Doc. No. 36] at 9 (alleging that the District Court's clerk gave impermissible preference to Defendant based on Plaintiff's *pro se* status, and arguing that "[a] reasonable inference from the Court's opinions and orders is that the Court didn't even read [Plaintiff's] filings"); *id.* at 8–11 (alleging that the District Court and Third Circuit ignored Plaintiff's arguments due to institutional laziness and to bias against *pro se* litigants, and that "Opposing Counsel's Fraud on the Court was unable to be detected or corrected by the Third

from a final judgment, order or proceeding" for "fraud, . . . misrepresentation, or misconduct by an opposing party" or for "any other reason that justifies relief."[49] Additionally, "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to "prevent a grave miscarriage of justice.'"[50] In particular, Rule 60(d)(3) broadly reserves the Court's inherent power to set aside judgements for "fraud on the court."[51]

The Third Circuit has articulated the standard for bringing claims of fraud on the court under Rule 60.

> "A court may grant relief from a final judgment based on allegations that the opposing party committed fraud on the court. The fraud on the court must be intentional, committed by an officer of the court, and directed at the court itself. A finding of fraud on the court requires egregious conduct, must be supported by clear, unequivocal, and convincing evidence, and must actually deceive the court. The misconduct must be sufficiently egregious to warrant a departure from the doctrine of *res judicata* and justify relief from a judgment."[52]

"The party seeking relief under Rule 60(d)(3) must establish fraud 'by clear and convincing evidence.'"[53] "A Rule 60 motion will be denied if it is merely an attempt to relitigate the case, or if the Court otherwise concludes that fraud has not been established."[54]

---

Circuit due to its own bureaucratic inertia (worsen [*sic*] by the Pandemic) of [*sic*] reliance by Circuit Judges on a singular [*sic*] Circuit Judge Law Clerk's review.").

[49] Fed. R. Civ. P.60(b).

[50] *Jackson v. Danberg*, 656 F.3d 157, 166 (3d Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).

[51] Fed. R. Civ. P. 60.

[52] *Pecina v. McDonald*, 795 F. App'x 124, 125 (3d Cir. 2019), *cert. denied sub nom. Pecina v. Wilkie*, 141 S. Ct. 262 (2020), *reh'g denied*, 141 S. Ct. 887 (2020) (quotations omitted).

[53] *Hatchigian v. Int'l Bhd. of Elec. Workers Loc. 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (quoting *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987).

[54] *Gilmour v. Strescon Indus., Inc.*, 66 F.R.D. 146, 153 (E.D. Pa.), *aff'd sub nom. Bucks Cty. Constr. Co. v. P. Agnes Inc.*, 521 F.2d 1398 (3d Cir. 1975).

### B. Discussion

Wirs's allegations of fraud fall within two broad categories. First, Wirs objects to the District Court's and Third Circuit's legal conclusions in applying the *Rooker-Feldman* doctrine and *res judicata*. Wirs appears to allege that counsel for the RNC induced these conclusions, and therefore committed fraud on the court, by "deliberately and knowingly making false claims, defenses and other legal contentions" that are "unquestionably meritless on their face and clearly unreasonable."[55] Second, Wirs criticizes the decision of the District Court to dismiss this case based on application of the *Rooker-Feldman* doctrine and *res judicata* without addressing and refuting every other legal argument Wirs raised. Without any basis whatsoever, Wirs then accuses the District Court and the Third Circuit of ignoring or failing to detect this fraud, alleging that judicial law clerks unduly influenced the outcome.[56] In essence, Wirs asserts that he only lost because his arguments were dismissed out of hand due to bias against *pro se* litigants.

This Court may not consider Wirs's re-litigation of his legal arguments. While there is some ambiguity over whether Rule 60(b) motions can ever be used to correct legal error,[57] any exception allowing this kind of reconsideration is narrowly drawn, and issues considered on

---

[55] Pl.'s Mot. Relief J. [Doc. No. 36] at 4. According to Wirs, this alleged fraud on the court was then "perfected" when the District Court and Third Circuit agreed with the arguments of the RNC's counsel. *Id.* at 9–10.

[56] Pl.'s Mot. Relief J. [Doc. No. 36] at 12. (alleging that "[d]ue to Opposing Counsel's Fraud on the Court, [the District Court's clerk] unduly influenced the Court to ignore everything [Plaintiff] wrote. A reasonable inference from the Court's opinions and orders is that the Court didn't even read [Plaintiff's] filings.").

[57] *Sanders v. Downs*, 622 F. App'x 127, 129 (3d Cir. 2015) (quoting *Page v. Schweiker*, 786 F.2d 150, 154–55 (3d Cir. 1986)) (commenting that the Third Circuit has "noted that 'some courts have held that legal error without more cannot be corrected under Rule 60(b),' while other courts 'have held that legal error may be characterized as mistake within the meaning of Rule 60(b)(1), but only where the motion is made . . . within the time allowed for appeal.'").

appeal may not be relitigated under Rule 60(b).[58] Wirs already filed an unsuccessful appeal,[59] and asks this Court to overturn "legal errors" of not just the District Court but the Third Circuit, and to accept legal arguments that the Third Circuit has already rejected.[60] This Court does not have the power to disregard the Third Circuit, and "under well-established principles, Rule 60(b) is not a substitute for appeal."[61]

Wirs's theory of "fraud on the court" must also fail, as Wirs has alleged nothing that could be plausibly construed as fraud, misrepresentation, or even minor misconduct by any court officer. It is no doubt frustrating to Wirs that, of the thousands of pages that he has filed before this and other courts, only the issues of *res judicata* and the *Rooker-Feldman* doctrine were considered by the District Court and the Third Circuit in dismissing his case. However, this is not indicative of laziness, incompetence, corruption, or bias, as Wirs appears to contend. Instead, the doctrines of *res judicata* and *Rooker-Feldman* operate to prevent the endless re-litigation of claims that have been "fully adjudicated and rejected by both state and federal courts."[62]

Wirs has created out of whole cloth fake arbitration awards and has for years attempted to persuade some court, somewhere, to accept one of them as real. The Orphans' Court provided

---

[58] *Moton v. Wetzel*, 833 F. App'x 927, 930 (3d Cir. 2020) (holding that, as the Third Circuit had "already considered and rejected various challenges to the District Court proceedings on direct appeal," Petitioner's "attempts to relitigate such issues do not warrant relief under Rule 60(b).").

[59] *See Pallante v. Those Certain Underwriters at Lloyd's London*, No. CV 17-1142, 2019 WL 2024951, at *2 (E.D. Pa. May 8, 2019), *appeal dismissed sub nom. Pallante v. Those Certain Underwriters*, No. 19-2304, 2019 WL 6718916 (3d Cir. Nov. 15, 2019) (holding that alleged legal errors cannot be challenged under Rule 60(b)(1) after an appeal has been heard).

[60] Pl.'s Mot. Relief J. [Doc. No. 36] at 10 (noting that the alleged legal errors of the District Court were "unable to be detected or corrected by the Third Circuit" and alleging that "the Third Circuit instinctively adopt[ed] Opposing Counsel's repeated claims" that Plaintiff's filings were baseless and frivolous); *see also Pro Se* Brief of Petitioner at 11–13, *In Re Motion to Confirm Arbitration Award*, Appeal No. 19-3998 (3d Cir.).

[61] *Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986).

[62] Order Den. and Dismiss Mot. Confirm Arb. Award [Doc. No. 28] at 1 n.1.

Wirs, in his very first appearance before that forum, with a perfectly clear explanation for why the Trust was unsuccessful in that litigation. In that initial proceeding, the Orphans' Court was "greatly concerned that an astute Petitioner[63] and more than one lawyer have failed to render what is, in our country a universal right, due process of law."[64] The subsequent Pennsylvania state court proceedings that have been granted preclusive effect were not "limited only to procedural error, and not the substance of the award itself,"[65] as Wirs alleges, but were substantive rulings that the alleged arbitration form "failed to establish *in personam* jurisdiction" over the RNC and failed to comport with due process of law.[66] This reasoning applies with equal force to each case.

### III.   SANCTIONS UNDER RULE 11

#### A.  Legal Standard

The RNC moves for sanctions against Peter J. Wirs under Rule 11 of the Federal Rules of Civil Procedure.[67] Rule 11 sets out the ethical rules governing the conduct of individuals making representations to federal courts and authorizes courts to penalize parties who breach those rules. Rule 11(b) provides that attorneys and unrepresented parties who present pleadings, written motions, or other papers to the court are inherently certifying, "to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances,"

---

[63] In this case, the Trust.

[64] *Roosevelt-Bentman Trust for American Voters*, 44 Pa. D. & C.5th 404, 411 (Phila. Ct. Com. Pl. 2015).

[65] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 181.

[66] *Roosevelt-Bentman Trust*, 2016 WL 783628, at *5.

[67] Def.'s Mot. Sanctions [Doc. No. 37] at 1.

that their filings are not frivolous, meritless, or made in bad faith.[68] Rule 11(c) allows a court to impose sanctions on "any attorney, law firm, or party that violate[s] [Rule 11(b)] or is responsible for [such] violation."[69] These sanctions serve the primary purpose of deterring "baseless filings in district court,"[70] and are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[71] Sanctions under Rule 11 may take many forms, including nonmonetary injunctions, monetary penalties, and awards of attorney's fees.[72] As the Supreme Court recently noted, together Rules 11(b) and 11(c) of the Federal Rules of Civil Procedure "allow courts to sanction frivolous arguments made in virtually any context."[73]

Despite broad statutory authority, courts do not impose Rule 11 sanctions lightly. It is generally accepted that sanctions under Rule 11 are appropriate "only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous."[74] *Pro se* litigants in particular are afforded a great deal of latitude for "foot-fault" violations of Rule 11(b), and courts are often hesitant to grant motions for sanctions against inexperienced *pro se* litigants. For example, in *Toll v. American Airlines, Inc.* the Third Circuit directed that courts should provide

---

[68] Fed. R. Civ. P. 11(b). *See also infra* n.76 and accompanying text (describing the duties owed by *pro se* filers under Rule 11).

[69] Fed. R. Civ. P. 11(c).

[70] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[71] Fed. R. Civ. P. 11(c)(4).

[72] Fed. R. Civ. P. 11(c)(4). (Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

[73] *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1543 (2021).

[74] *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quotations omitted).

explicit warnings to *pro se* litigants when their noncompliance with court orders may result in serious sanctions.[75]

Still, even non-lawyers who appear before federal courts owe those courts basic duties of honesty and good faith. As the Third Circuit has made clear:

> "By signing the papers to be filed, a *pro se* party certifies 'that to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances,' the motion or pleading is not presented to harass, or to cause unnecessary delay or needless increase in the cost of litigation, it is not frivolous, and the factual allegations or denial of factual allegations are supported on the evidence."[76]

While the bar for "frivolity" in a *pro se* filing may be higher than it would be in a filing submitted by counsel, legal harassment, dishonesty, and clearly nonserious filings are as impermissible from unrepresented parties as they are from attorneys.[77] *Pro se* litigants who repeatedly make vexatious or frivolous filings run significant risks of sanctions.

**B. Discussion**

The RNC seeks this Court "(1) direct . . . the Clerk of the United States District Court for the Eastern District of Pennsylvania to refuse to accept any further filings from Wirs; and (2) revoke Wirs'[s] access to the federal court e-filing docketing system, CM/ECF, to prevent

---

[75] *See Toll v. Am. Airlines, Inc.*, 166 F. App'x 633, 636 (3d Cir. 2006) (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d. Cir. 1994). Courts in other circuits have generally exercised similar patience with *pro se* litigants. *See Walby v. United States*, 957 F.3d 1295, 1303 (Fed. Cir. 2020) (internal citations omitted) (courts "must exercise caution before imposing sanctions on a pro se litigant, whose improper conduct may be attributed to ignorance of the law and proper procedures."); *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (internal citations omitted) (noting that although "a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," the imposition of sanctions may be appropriate when such litigant has already received clear warnings of such potential sanctions).

[76] *Toll*, 166 F. App'x at 637 (quoting Fed. R. Civ. P. 11(b)).

[77] *See* Fed. R. Civ. P. 11(b) (explicitly holding attorneys and unrepresented parties to the same standard of honesty and good faith in representations to the court).

him from making further filings in this or any related matters without an attorney."[78] The RNC

argues that the requested sanctions are warranted because Wirs's Rule 60 Motion (1) "recycl[es]

the very same issues and claims rejected by this Court more than one year ago" and (2)

represents the practice of law without a license, "in direct contravention" of orders of the District

Court.[79]

While courts are generally reluctant to levy Rule 11 sanctions against *pro se* litigants,

such sanctions are sometimes appropriate. In *In re Hussain*, the Third Circuit upheld an

injunction barring a *pro se* plaintiff from "filing any further legal action or making motions in

matters in which [the plaintiff] and [the defendant] were litigants."[80] The injunctive sanction in

*Hussain* was issued after the plaintiff filed repeated motions related to a closed bankruptcy case

"that attempted to relitigate decided issues or that lacked merit."[81] Similarly, in *Egnotovich v.

Greenfield Twownship Sewer Authority*, the Third Circuit upheld Rule 11 sanctions in the form

of attorney's fees against *pro se* plaintiffs who "ignored the outcome of the state court actions,

and the reasons why they lost in state court" and instead filed a federal lawsuit "in an

impermissible attempt to collaterally attack validly obtained state court judgements."[82]

---

[78] Def.'s Mot. Sanctions [Doc. No. 37] at 1.

[79] Def.'s Mot. Sanctions [Doc. No. 37] at 1. Strictly speaking, a Rule 11 award is never properly characterized as an award of damages. *See, e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99 (2d Cir. 2015) (vacating a district court award of Rule 11 sanctions for abuse of discretion when such sanctions were used to "enforc[e] or collect[] damages."); *Elliott v. M/V LOIS B.*, 980 F.2d 1001, 1008 (5th Cir. 1993) (vacating an award of sanctions where the sanction amount was tied to specific damages, as such sanction was effectively "a substitute for tort damages and beyond the scope of Rule 11."); *see also Egnotovich v. Greenfield Twp. Sewer Auth.*, 304 F. App'x 94, 98 (3d Cir. 2008) ("the main purpose of Rule 11 is to deter, not compensate."); *OR v. Hutner*, 515 F. App'x 85, 87 (3d Cir. 2013) (imposing sanctions to "deter further frivolous litigation conduct, not to reward or compensate Defendants' counsel.").

[80] 532 F. App'x 196, 19798 (3d Cir. 2013), *cert. denied*, 572 U.S. 1046 (2014).

[81] *Id.* at 197.

[82] 304 F. App'x 94, 98 (3d Cir. 2008).

Ultimately, while *pro se* litigants are afforded an enormous amount of latitude on procedural matters, they have no "impenetrable shield" against sanctions, and "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[83]

Applying the standards set forth by the Third Circuit in *Hussain* and *Egnotovich*, it is clear that sanctions in this case are warranted. As in *Hussain*, Wirs here attempts to relitigate decided issues.[84] As in *Egnotovich*, Wirs's litigation "ignore[s] the outcome of . . . state court actions, and the reasons why [he] lost in state court."[85] Additionally, Wirs is hardly a naïve litigant to whom the Court might otherwise afford great latitude for procedural errors. Instructively, the Third Circuit in *Toll* explicitly considered the fact that the sanctioned party was "an experienced *pro se* litigator" who had filed numerous similar complaints.[86] Here, Wirs clearly has an extensive record of litigation and apparently claims competence to sit as an arbitrator.

It is also clear from the record that Wirs received far more than the warning recommended by the Third Circuit in *Toll*.[87] In addition to the fact that Wirs had already been sanctioned once before for his "dilatory, obdurate, or vexatious conduct" in the proceedings before the Pennsylvania state courts,[88] Wirs was warned in the District Court's initial dismissal

---

[83] *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 315 (5th Cir. 2020) (quoting *Henneberger v. Ticom Geomantics, Inc.*, 793 Fed. App'x 241, 243 n.24 (5th Cir. 2019)).

[84] *See supra* Section III.A. (describing the issues that Plaintiff attempts to raise in his Rule 60 Motion).

[85] 304 F. App'x at 98 (3d Cir. 2008).

[86] 166 F. App'x 633, 637 (3d Cir. 2006).

[87] *See id*. at 636 (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

[88] *See supra* note 17 and accompanying text (describing the Pennsylvania sanctions against Wirs).

that his conduct (specifically, his re-litigation of claims brought in previous state and federal litigation and his lack of authorization to appear on behalf of the Trust or the DNC) risked sanction.[89] Although the District Court rejected the RNC's subsequent request for sanctions following Wirs's appeal, it similarly warned Wirs that "any further disobedience with respect to [the District Court's] orders is likely to be met with sanctions."[90] Affirming the District Court, The Third Circuit issued yet another warning to Wirs that sanctions might be forthcoming if Wirs continued to file "repetitive, meritless, vexatious, or frivolous submissions."[91] Finally, this Court warned Wirs in the Order to Show Cause that the allegations of fraud in his Rule 60 Motion appeared "bold and unsubstantiated," and that the Court was considering granting the RNC's Motion for Sanctions.[92]

The claims and issues brought in Plaintiff's Rule 60 Motion are the same as those litigated in numerous other courts. In summary:

(1)     Wirs, as trustee, engaged himself as arbitrator to conduct an unsanctioned arbitration of an apparently non-existent dispute between the DNC and the RNC under the Trust's trust agreement.[93]

(2)     This sham arbitration was brought on behalf of an alleged grievant, the DNC, which disclaims all interest in or knowledge of the Trust, the supposed arbitration, or any arbitration award.[94]

---

[89] Order Den. and Dismiss Mot. Confirm Arb. Award [Doc. No. 28] at 1 n.1.

[90] Order Den. Mot. Alter J. [Doc. No. 33] at 1 n.1.

[91] *In re Motion to Confirm Arb. Award*, 823 F. App'x 113, 116 n.6 (3d Cir. 2020).

[92] Order to Show Cause [Doc. No. 42] at 1–2.

[93] *See generally* Pl.'s Mot. Confirm Arb. Award [Doc. No. 1].

[94] *See supra* notes 24–25 and accompanying text (describing the DNC's response to the 2018 Award).

(3)      This sham arbitration was brought against the RNC, a party that the Commonwealth of Pennsylvania long ago determined is not within the *in personam* jurisdiction of the Trust.[95]

(4)      As a result of the nonconsensual arbitration proceedings, Wirs brought an action in the Eastern District of Pennsylvania asking the District Court to confirm a nonexistent award of at least $287,691,507.81 against the RNC.[96]

(5)      Of the false claim of $287,691,507.81, Wirs (as arbitrator and trustee) allocated hundreds of millions of dollars toward Wirs's own compensation, toward the foundation of nonprofit centers named after Wirs, and toward nonprofits apparently controlled by Wirs.[97]

The claims and legal arguments that Wirs raises in his Rule 60 Motion allege, in essence, that the District Court had no jurisdiction to rule on challenges to this process and that the RNC had no standing to challenge the fake award.[98] These claims were presented to the District Court[99] and the Third Circuit,[100] and have been litigated *ad nauseum*. Even without Wirs's extensive experience litigating this and substantially identical claims, it should have been obvious that these claims are meritless and frivolous. However, Wirs vigorously pressed this legal theory in the Pennsylvania state courts,[101] the D.C. District Court,[102] the Bankruptcy and District Courts for the Eastern District of Pennsylvania, and the Third Circuit[103] despite its failure in every single forum. Ultimately, after receiving detailed explanations of the deficiencies

---

[95] *Roosevelt-Bentman Trust*, 2016 WL 783628, at *6.

[96] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 316.

[97] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 20.

[98] Pl.'s Mot. Relief J. [Doc. No. 36] at 4–6.

[99] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at 16–20.

[100] *See generally Pro Se* Brief of Petitioner, *In Re Motion to Confirm Arbitration Award*, Appeal No. 19-3998 (3d Cir.).

[101] *See supra* Section I.A.

[102] *See supra* Section I.B.

[103] *See supra* Sections I.C. and I.D.

of Wirs's claims from every forum that has heard them, sanctions are warranted here for one simple reason: it is no longer credible that Peter J. Wirs is acting in good faith.

Even if Wirs believed his arbitration to be valid and was justified in that belief, Wirs's continued attempts to represent the Trust and the DNC *pro se* represents a sufficient independent ground to grant the sanctions proposed by the RNC. The District Court clearly held that Wirs lacked the authorization to represent either the Trust or the DNC, as he is not an attorney and may not appear *pro se* on behalf of a distinct legal entity (i.e. the Trust or the DNC). [104] Wirs certainly could not represent the DNC when it did not engage him to do so, and in fact the DNC explicitly denies that Wirs has ever been so engaged or so authorized.[105] Wirs's Rule 60 motion is another in a long list of improper actions.

## IV.   MOTION TO STAY

In response to this Court's September 17, 2021 Order to Show Cause why the Court should not summarily dismiss Wirs's Rule 60 Motion and grant the RNC's Motion for Sanctions, Wirs filed a Motion to Stay to provide the United States Department of Justice the opportunity to intervene in the case.[106] In this motion, Wirs alleges that "[t]his matter is now in the hands of the U.S. Justice Dept., by the Aug. 25, 2021 submission of an affidavit/expert report."[107] In relevant part, Wirs's Motion to Stay argues that "justice is best served by the Justice Dept.'s participation in this case."[108]

---

[104] Order Den. and Dismiss Mot. Confirm Arb. Award [Doc. No. 28] at 1 n.1.

[105] *See supra* notes 24–25 and accompanying text (discussing the DNC's letter disclaiming affiliation with Wirs and the Trust).

[106] Mot. Stay [Doc. No. 43].

[107] Mot. Stay [Doc. No. 43] at ¶ 1.

[108] Mot. Stay [Doc. No. 43] at ¶ 3. While Plaintiff provides several arguments underneath the paragraph 3 heading supposedly supporting intervention by the Justice Department (Mot. Stay [Doc. No. 43] at ¶ 3(A)–(B)) and lays out

### A.  Legal Standard

The decision to stay proceedings is, fundamentally, an inherent equitable power of the Court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[109] "In addition, '[i]t is well settled that before a stay may be issued, the petitioner must demonstrate a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party.'"[110]

### B.  Discussion

Here, staying these proceedings is clearly inappropriate. Prolonging this case when Wirs's pending motion is wholly without legal merit serves only to consume judicial resources and the resources of the adverse party. Wirs has alleged no new developments or potential avenues of investigation that could possibly supplement the merits of his case. As noted above, every argument that Wirs provides for the Justice Department's intervention is fundamentally an argument of law. This Court does not require instruction on these points.

Indeed, the timing of Wirs's motion is highly suspicious. Wirs filed his Rule 60 Motion on December 21, 2020.[111] On August 25, 2021, eight months later, Wirs allegedly felt compelled

---

other arguments throughout the motion (Mot. Stay [Doc. No. 43] at ¶¶ 4–5), these arguments are more properly categorized as arguments in support of the Rule 60 Motion and against the Motion for Sanctions, and are addressed in the discussion of those motions above).

[109] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[110] *Tyler v. Diamond State Port Corp.*, 816 F. App'x 729, 731 (3d Cir. 2020) (quoting *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983).

[111] Pl.'s Mot. Relief J. [Doc. No. 36].

to report his allegations of fraud on the court to the Department of Justice as a violation of civil and criminal civil rights statutes.[112] Wirs then continued to sit on his hands for a full month, even after reassignment of this case from the District Court Judge whose impartiality Wirs questioned. Wirs only brought this Motion to Stay on September 23, 2021.

While the Court has excluded Wirs's Motion to Stay when considering Wirs's pattern of vexatious and meritless litigation and legal harassment, this motion fits Wirs's apparent strategy of pivoting to a new forum every time he loses.

## V.   CONCLUSION

Wirs's Rule 60 Motion and Motion to Stay will be denied, the RNC's Motion for Sanctions will be granted, and a hearing will be scheduled as to the specific sanctions to be imposed. An order will be entered.

---

[112] Mot. Stay [Doc. No. 43] at ¶ 1.