IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE MOTION TO CONFIRM ARBITRATION AWARD BY HON. PETER J. WIRS <br><br>              **Plaintiff,** <br><br>  v. <br><br>REPUBLICAN NATIONAL COMMITTEE *et al*. <br><br>              **Defendants.** | CIVIL ACTION NO. 19-4072 |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                               **December 8, 2021**

## I.    Background

As a result of a series of suits brought by Peter J. Wirs, the sole trustee of the Lincoln Charitable Trust (formerly known as the Roosevelt-Bentman Trust for American Voters) (the "Trust"), this Court now must impose sanctions upon Wirs.[1] In all of these cases:

(1) "Wirs, as trustee, engaged himself as arbitrator to conduct an unsanctioned arbitration of an apparently non-existent dispute . . . under the Trust's trust agreement."[2]

(2) Each "sham arbitration" was brought on behalf of either the Trust, Wirs himself, or the Democratic National Committee ("DNC"), "which disclaims all interest in or knowledge of the Trust, the supposed arbitration, or any arbitration award."[3]

---

[1] The full background is set forth in the Court's Memorandum Opinion of September 30, 2021, which is incorporated as if fully set forth herein. *See* Mem. Op. Sept. 30, 2021 [Doc. No. 44].

[2] Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 19.

[3] Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 19.

(3) Each sham arbitration was brought against the Republican National Committee ("RNC"), "a party that the Commonwealth of Pennsylvania long ago determined is not within the *in personam* jurisdiction of the Trust."[4]

(4) Wirs has filed numerous actions in state and federal courts in Pennsylvania, Washington, D.C., and the Eastern District of Pennsylvania attempting to enforce the sham arbitration awards that he entered and in which he seeks to obtain tens or hundreds of millions of dollars from the RNC.[5]

(5) Of the enormous sums that Wirs is seeking, "Wirs (as arbitrator and trustee) allocated hundreds of millions of dollars toward Wirs's own compensation, toward the foundation of nonprofit centers named after Wirs, and toward nonprofits apparently controlled by Wirs."[6]

Where his claims have been rejected on substantive grounds, Wirs has construed those rejections as "remands" to his non-existent arbitration forum, and has claimed that he has the authority to overturn adverse court rulings.[7] Where federal courts have disagreed with his legal theories, Wirs has dismissed these rulings as motivated by bias, laziness, and corruption.[8] In fact,

---

[4] Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 20; *see also Roosevelt-Bentman Tr. for Am. Voters Inter Vivos Tr.*, No. 796 EDA 2015, 2016 WL 783628, at *6 (Pa. Super. Ct. Feb. 29, 2016).

[5] Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 2–10.

[6] Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 20.

[7] Pl.'s Mot. Confirm Arb. Award [Doc. No. 1] at ECF page 58 (claiming that "[o]n May 16, 2018 the Federal Court in the District of the District of Columbia, effectively required the Trust to do over a prior arbitration proceeding, docketed at Res. 2009- 23A and subsequently at Res. 2016-3A (MUR 2009-1) notwithstanding the court's erroneous misreading of the Pennsylvania Superior Court in applying the *Rooker-Feldman* abstention doctrine as to a prior confirmation proceeding of the award in Res. 2009-23A to the subsequent award in Res. 2016-3A."). *See also id.* at ECF pages 58–59 (claiming that the grievance "found in" the 2009 Award was "merged into the informal grievance"); *id.* at ECF page 55 (claiming that the 2009 Award was "reissued as" the 2016 Award); *id.* at ECF pages 180–84 (characterizing the findings of the Pennsylvania state courts as "manufactured facts," and characterizing the dismissal of those as a "remand" that authorized Plaintiff to "reissue the same" in the 2016 Award); *id*. at ECF page 325 (demanding that the RNC "renounce all acts . . . perpetrated in furtherance of a fraud on the court committed in the Philadelphia Court of Common Pleas, Orphans Court Division, the Pennsylvania Superior Court and the United States District Court for the District of Columbia relating to false statements of material fact and clearly unreasonable legal arguments made relating to the confirmation of the Trust's prior awards docketed at 2009-22A (MUR 2009-1) and 2016-3A.").

[8] *See, e.g.*, Pl.'s Mot. Relief J. [Doc. No. 36] at 9, 12 (alleging that a law clerk gave impermissible preference to Defendant based on Plaintiff's *pro se* status and arguing that "[a] reasonable inference from the Court's opinions and orders is that the Court didn't even read [Plaintiff's] filings"); *id.* at 8–11 (alleging that the District Court and Third Circuit ignored Plaintiff's arguments due to institutional laziness and to bias against pro se litigants, and that "Opposing Counsel's Fraud on the Court was unable to be detected or corrected by the Third Circuit due to its own

Wirs has repeatedly alleged that no court has jurisdiction to rule on challenges to his arbitral awards, and that the RNC has no standing to object to these awards in court.[9]

The full background of this matter, and the frivolous, vexatious, and sanctionable conduct of Wirs before this Court and others, is set forth at length in this Court's Memorandum Opinion of September 30, 2021, and will not be repeated here.[10] The accompanying Order denied Wirs's Motion for Relief under Rule 60(d)(3) and Motion to Stay, and granted the RNC's Motion for Sanctions, finding that Wirs's conduct violated the standards of Federal Rule of Civil Procedure 11(b).[11] To ensure that Wirs had full and fair notice and an opportunity to argue against the imposition of any specific sanction, the Court further ordered that Wirs and the RNC attend a hearing to determine what, if any, sanctions may be appropriate to restrain Wirs's conduct.[12] The Order specified that:

> "[s]anctions to be considered at this hearing will include each of the following:
>
> (a) Revocation of Peter J Wirs's access to the federal court e-filing docketing system, CM/ECF.
> (b) Direction that the Clerk of the United States District Court for the Eastern District of Pennsylvania refuse to accept any further pro se filings from Wirs in this matter or any related matters between the parties hereto.
> (c) A declaration from the Court that Wirs is a vexatious litigant, and Mr. Wirs suffering the consequences thereof.
> (d) Monetary penalties in any amount authorized under Rule 11 of the Federal Rules of Civil Procedure, including payment to Defendant of part or all of the

---

bureaucratic inertia (worsen [*sic*] by the Pandemic) of [*sic*] reliance by Circuit Judges on a singular [*sic*] Circuit Judge Law Clerk's review.").

[9] *See, e.g.*, Pl.'s Mot. Relief J. [Doc. No. 36] at 4.

[10] Mem. Op. Sept. 30, 2021 [Doc. No. 44] 2–10.

[11] Order Sept. 30, 2021 [Doc. No. 45].

[12] Order Sept. 30, 2021 [Doc. No. 45] ¶ 4.

reasonable attorney's fees and other expenses directly resulting from Peter J. Wirs's sanctionable conduct before this Court.[13]

The sanctions hearing was held on October 19, 2021. Wirs and counsel for the RNC were present. At the hearing, Wirs indicated that he had engaged counsel but that the attorney allegedly advised him that the Court "would be annoyed if there was counsel" present for Wirs.[14] At the hearing, the RNC informed the Court that the Trust was dissolved on October 7, 2021, by the Philadelphia Court of Common Pleas, Orphan's Division "as an artifice of fraud."[15] Wirs acknowledged that the trust had been dissolved, and that he had filed an appeal of that order.[16]

At the sanctions hearing, the RNC asked the Court to impose six distinct sanctions: (1) that Wirs's CM/ECF credentials be revoked;[17] (2) that the Clerk of Court be ordered not to accept uncounseled filings from Wirs;[18] (3) that Wirs be required to post bond for counsel fees for future filings;[19] (4) that monetary sanctions be granted in the form of counsel fees;[20] (5) that Wirs be ordered not to attach the RNC as a defendant or the DNC as a petitioner in any future

---

[13] Order Sept. 30, 2021 [Doc. No. 45] ¶ 5.

[14] Hr'g Tr. [Doc. No. 51] at 7. The Court notes that, in addition to Wirs's clear and unambiguous right to be represented by counsel in any sanctions proceeding against him, this Court's Order of September 30, 2021, specifically directed "[a]ll parties *and counsel*" to appear at the sanctions hearing. Order Sept. 30, 2021 [Doc. No. 45] at 1 (emphasis added). Wirs's Letter of October 18, 2021 indicated that he would likely be accompanied by counsel (described as a "second chair"). Letter of Oct. 18, 2021 [Doc. No. 41] at 1.

[15] Hr'g Tr. [Doc. No. 51] at 19–20.

[16] Hr'g Tr. [Doc. No. 51] at 20; *see also Roosevelt-Bentman Trust, Appeal of: Wirs, P.*, No. 2309 EDA 2021 (Pa. Super. Ct. Nov. 19, 2021).

[17] Hr'g Tr. [Doc. No. 51] at 13.

[18] Hr'g Tr. [Doc. No. 51] at 13.

[19] Hr'g Tr. [Doc. No. 51] at 13, 16.

[20] Hr'g Tr. [Doc. No. 51] at 13–14.

litigation; and (6) that Wirs be declared a vexatious litigant.[21] In addition, the RNC requested that any order be accompanied by a threat of criminal contempt for violations of that order.[22]

Wirs consented to the revocation of his CM/ECF credentials, and argued that additional sanctions were unnecessary, as he intended to "resign as the trustee and let the successor trustee handle this from here on out."[23] Wirs claimed that the "successor trustee . . . is an attorney at law," but did not identify this supposed successor by name. However, when asked if he would personally stop asserting the claims that had already been rejected by previous courts, including the Third Circuit, Wirs refused to answer.[24] Wirs further represented that he had filed a criminal complaint relating to this case, as well as a parallel complaint before the Judicial Conduct Board for the Commonwealth of Pennsylvania.[25] He refused to elaborate on the nature of these

---

[21] Hr'g Tr. [Doc. No. 51] at 20.

[22] Hr'g Tr. [Doc. No. 51] at 14 (asking that the requested sanctions "be backed up by a threat of being placed in jail"). Counsel for the RNC also asked that the Court order Mr. Wirs to submit to a "mental health screening." Hr'g Tr. [Doc. No. 51] at 29. Without addressing whether the Court has any authority to enter such an unusual sanction, the Court will not entertain this request, as such a sanction clearly lies outside of the scope of sanctions contemplated by the hearing. As a matter of due process, Wirs has a clear right to notice and an opportunity to defend against any extraordinary sanction. *See In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 193 (3d Cir. 2002).

[23] Hr'g Tr. [Doc. No. 51] at 19. Wirs also attempted to reargue the merits of his underlying claims, but the Court reminded Wirs that the merits of the claims had already been decided and limited discussion to the issue of what, if any, sanctions were necessary to limit future vexatious and frivolous filings. Hr'g Tr. [Doc. No. 51] at 9–11.

[24] Hr'g Tr. [Doc. No. 51] at 18.

[25] Specifically, Wirs said, in refusing to either agree not to relitigate claims rejected in this case or to elaborate on his refusal, that "grand jury testimony is secret" and that "under the Pennsylvania State Constitution Article 5 Section 18A," he was unable to "comment on the state court proceeding." Hr'g Tr. [Doc. No. 51] at 21.

Wirs's reference to "grand jury testimony" appears to be a reference to the report allegedly submitted to the Department of Justice on August 25, 2021. *See* Mot. Stay [Doc. No. 45] at 1.

The Court understands Wirs's reference to the Pennsylvania State Constitution to indicate that Wirs has also filed a complaint related to the state court proceeding with the Judicial Conduct Board of Pennsylvania. *See* Pa. Const. art. V, § 18(a) (establishing the Judicial Conduct Board); Pa. Const. art. V, §18 (a)(8) (providing that "proceedings of the [Judicial Conduct Board] shall be confidential except when the subject of the investigation waives confidentiality").

complaints, but maintained that he did not "have to accept the court rulings if they're not valid, if they're void *ab initio*."[26]

Despite his stated intention to resign as trustee, as of the date of this Order, Wirs continues to actively assert claims as a trustee on behalf of the now-dissolved Trust. On November 19, 2021, Wirs personally filed an appeal of the Orphan's Court order dissolving the Trust.[27] On November 30, 2021, Wirs personally filed a "Motion for Stay of Proceedings" in the appeal pending in the Third Circuit, alleging that unnamed counsel retained for that proceeding "was detained by emergency proceedings" and unable to "timely enter appearance."[28]

## II.     Jurisdiction and Procedural Posture

The Court notes that Wirs filed a Notice of Appeal on October 12, 2021, before the sanctions hearing was conducted.[29] Although no party has objected to the Court's jurisdiction to conduct the sanctions hearing and impose sanctions, the Court will briefly review why the Notice of Appeal did not divest this Court of jurisdiction on the sanctions matter.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[30] However, a motion for sanctions under Rule 11 "is

---

[26] Hr'g Tr. [Doc. No. 51] at 11.

[27] *Roosevelt-Bentman Trust, Appeal of: Wirs, P.*, No. 2309 EDA 2021 (Pa. Super. Ct. Nov. 19, 2021).

[28] Motion for Stay of Proceedings [App. Doc. No. 2] at 1, *In Re Motion to Confirm Arbitration Award*, App. No. 21-2890 (3d Cir.).

[29] Not. Appeal [Doc. No. 46]. This appeal references a "final judgment entered . . . on the 17th day of September," which appears to refer to the Order to Show Cause entered before this Court decided Wirs's Motion to Dismiss and the RNC's Motion for Sanctions. *Id.* However, the notice of appeal also refers to a "final judgment," and in the sanctions hearing Wirs clarified that he intended to appeal this Court's Order of September 30, 2021. *See* Hr'g Tr. [Doc. No. 51] at 5–6.

[30] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

6

uniquely separable and collateral from the decision on the merits."[31] "It is well established . . . that a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions under Rule 11."[32] This Court therefore has jurisdiction to issue sanctions under Rule 11 despite Wirs's pending appeal.

In addition to the jurisdictional question, the Third Circuit has "adopt[ed] a supervisory rule" that "all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment."[33] The Third Circuit generally requires "district courts [to] resolve any issues about imposition of sanctions prior to, or contemporaneously with, entering final judgment."[34] The Third Circuit has held that due process requires parties be granted particularized notice of, and an opportunity to defend against, the imposition of specific sanctions.[35] When sanctions are awarded, the nature and extent of such sanctions "should be guided by equitable considerations."[36]

Here, the RNC's Motion for Sanctions was granted by this Court's Order of September 30, 2021, which decided the substantive legal question of whether Wirs's conduct violated Rule 11 but deferred ordering specific relief until after a hearing at which Wirs could present evidence

---

[31] *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988) (internal quotation marks omitted).

[32] *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008); *see also Rodriguez v. Doe*, 549 F. App'x 141, 147 (4th Cir. 2013) (holding that a plaintiff's "argument that the district court lacked jurisdiction to impose sanctions after he filed his notice of appeal is without merit."); *Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1328 (4th Cir. 1987) (finding that a district court has the jurisdiction "to award attorney's fees under Fed. R. Civ. P. 11 after notice of appeal has been filed.").

[33] *Pensiero*, 847 F.2d at 100.

[34] *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008) (citation omitted).

[35] *In re Prudential*, 278 F.3d at 193.

[36] *Young v. Smith*, 905 F.3d 229, 237 (3d Cir. 2018) (citations omitted).

and arguments regarding the necessity of such relief.[37] This procedure is consistent with the limited authority of a district court to enter certain technical orders during the pendency of an appeal, including certain awards of counsel fees, injunctions, and orders that parties post bonds, which are collateral to the legal merits of the appealed decision.[38] Therefore, the Court may order sanctions at this time despite the unusual posture of this case.[39]

### III.    Legal Standard

The RNC moves for sanctions against Peter J. Wirs under Rule 11 of the Federal Rules of Civil Procedure.[40] As this Court has already determined that Wirs's conduct in this case violated Rule 11, this order is limited to determining what sanctions are now appropriate and necessary to curtail future vexatious, meritless, and/or frivolous conduct by Wirs.

Rule 11 sanctions serve the primary purpose of deterring "baseless filings in district court,"[41] and are "limited to what suffices to deter repetition of the conduct or comparable

---

[37] *See* Order Sept. 30, 2021 [Doc. No. 45] at 1; Mem. Op. Sept. 30, 2021 [Doc No. 44] at 16–20. Courts in this district have applied essentially the same procedure in other cases where due process concerns necessitated a delay in ordering specific sanctions. For example, the court in *Banks v. Schutter* had deferred ruling on pending Rule 11 motions to allow the person against whom sanctions were being sought additional time to file a response, while dismissing the underlying complaint as "barred by the doctrines of *res judicata*, claim preclusion and issue preclusion." *Banks v. Schutter*, 2009 WL 113743, at *1 (E.D. Pa. Jan. 15, 2009).

[38] *See Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985) (citations omitted) ("A district court, during the pendency of an appeal, is not divested of jurisdiction to determine an application for attorney's fees. Neither is it without jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or to modify, restore, or grant injunctions. A district court also retains jurisdiction to issue orders with reference to the record on appeal, and to vacate a bail bond and order arrest.").

[39] To the extent that an order imposing specific sanctions is deemed procedurally improper, the Third Circuit's practice is to remand for simultaneous disposition of sanctions and the underlying case. *See, e.g.*, *Gary*, 517 F.3d at 203. For this reason, it would be inappropriate to further delay sanctions, as "resolution of the Rule 11 Motions now saves the unnecessary step of a remand later." *Banks,* 2009 WL 113743, at *1 n.3. Therefore, entering an order on this matter now, before Wirs's appeal has been fully briefed before the Third Circuit, is consistent with the logic of a supervisory rule "aimed at eliminating piecemeal review." *Simmerman v. Corino*, 27 F.3d 58, 63 (3d Cir. 1994).

[40] Def.'s Mot. Sanctions [Doc. No. 37] at 1.

[41] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

conduct by others similarly situated."[42] Sanctions under Rule 11 may take many forms, including nonmonetary injunctions, monetary penalties, and awards of attorney's fees.[43] As the Supreme Court recently noted, Rules 11(b) and 11(c) of the Federal Rules of Civil Procedure jointly "allow courts to sanction frivolous arguments made in virtually any context."[44]

### IV. Discussion

#### A. ECF Access

The RNC has asked this Court to revoke Wirs's access to file documents via the federal e-filing system, CM/ECF ("ECF"). In the Eastern District of Pennsylvania, access to the ECF system is governed by the Local Rules of Civil Procedure. In relevant part, the Local Rules provide that "[u]pon the approval of the judge, a party to a case who is not represented by an attorney may register as an ECF Filing User in the ECF System solely for purposes of the action."[45]

The revocation of ECF access is specifically warranted due to Wirs's record of abuse of electronic filing.[46] In 2018, after the District Court for the District of Columbia dismissed the second attempt by Wirs to confirm a fake arbitration award, Wirs attempted to give the RNC

---

[42] Fed. R. Civ. P. 11(c)(4).

[43] Fed. R. Civ. P. 11(c)(4) (Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.").

[44] *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1543 (2021).

[45] Local R. Civ. P. 4(b). Here, Wirs was granted ECF access at the start of this case by Judge Quiñones, to whom this case was originally assigned. Wirs's motion seeking ECF access was unopposed. *See* Mot. ECF Registration [Doc. No. 4]; Order Sept. 30, 2021 [Doc. No. 8].

[46] The Court notes that Wirs consented to the revocation of his ECF access on the record in the sanctions hearing. *See* Hr'g Tr. [Doc. No. 51] at 18, 30. However, this Order shall be deemed to revoke his ECF access even absent such consent, as part of the broader set of sanctions ordered herein to prevent future vexatious and meritless filings in this or related matters.

notice of a *new* "arbitration award" by filing on the closed docket of that case.[47] Additionally, this revocation imposes little burden on Wirs, as his claims in this case have been found to be thoroughly precluded by the doctrine of *res judicata*.[48]

### B. <u>Vexatious Litigant Status and Restrictions on Filings</u>

The RNC has also asked this Court to declare Wirs a vexatious litigant, order Wirs not to attach the RNC as a defendant or the DNC as petitioner in any future litigation, and order the Clerk of Court not to accept uncounseled filings from Wirs.[49]

Injunctions restraining future filings are "an exception to the general rule of free access to the courts and [their] use against a pro se plaintiff must be approached with caution."[50] The Court of Appeals for the Third Circuit "has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court."[51] While a Court's order limiting future filing should be narrowly applicable to only those matters about which a petitioner or plaintiff files repeatedly, "a district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute."[52] Additionally, sanctions against a vexatious litigant may enjoin them from

---

[47] Brief in Opposition [Doc. No. 3] at ECF 10; Sur-Reply [Doc. No. 4] at 7.

[48] *See* Order Dec. 6, 2019 [Doc. No. 28]; *In re Motion to Confirm Arb. Award*, 823 F. App'x 113, 116 (3d Cir. 2020).

[49] Hr'g Tr. at 12–14.

[50] *Kent v. Phila. Dep't of Hum. Servs.*, 813 F. App'x 736, 737 (3d Cir. 2020).

[51] *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (first citing *Gagliardi v. McWilliams*, 834 F.2d 81 (3d Cir. 1987); and then citing *In re Oliver*, 682 F.2d 443 (3d Cir. 1982)).

[52] *Chipps*, 882 F.2d at 73 (emphasis omitted).

10

undertaking filings on behalf of other parties, especially where the sanctioned individual may not legally represent such parties in court.[53]

There is no evidence in the record that Wirs filed frivolous and vexatious actions in other matters. Where a sanctioned individual's "abuse of the court system is confined to [a specific] dispute," restraint on future filings should be limited to that dispute.[54] Because there is not a clear pattern of abuse of the legal system unrelated to his repeated attempts to assert claims on behalf of the Trust and the DNC against the RNC, this Court will limit the filing restrictions accordingly.

Wirs's behavior raises a significant concern about specific deterrence—that is, the need to protect the RNC, the DNC, and the Trust (to the extent the Trust continues as a legal entity) from further frivolous and vexatious attempts by Wirs to confirm fraudulent arbitration awards. Wirs has consistently rejected, ignored, or misconstrued the rulings of state and federal courts. In the sanctions hearing, when told that he would need to "learn to accept court[] rulings," Wirs explicitly told this Court that he refused to accept rulings that he deemed "not valid."[55] Wirs has provided no assurance that he will ever stop relitigating the claims rejected by this and many other courts. It is therefore appropriate to declare Wirs a vexatious litigant, and to issue an injunction requiring him to seek the approval of this Court before he may file any uncounseled documents relating to the claims or parties in this case. This sanction places little burden on Wirs, as it preserves Wirs's ability to bring viable claims.

---

[53] *United States v. Miller*, 726 F. App'x 107, 108 (3d Cir. 2018).

[54] *See Chipps*, 882 F.2d at 73 (directing the district court to limit the restraint on future filings of a vexatious litigant to those concerning the relevant matters at issue).

[55] Hr'g Tr. [Doc. No. 51] at 10–11.

11

There is also a continuing risk that Wirs may attempt to assert claims on behalf of others in court proceedings. Wirs, acting *pro se*, has repeatedly filed suits purporting to act on behalf of the DNC and the Trust.[56] Although Wirs has alleged at several points that counsel has been retained, no attorney has entered an appearance in this or any related matter since the Trust's original attorney, Lawrence Otter, Esquire, was sanctioned alongside Wirs for frivolous and vexatious filings in the original Pennsylvania proceedings.[57] Wirs has been repeatedly warned by Judge Quiñones,[58] this Court[59] and the Third Circuit[60] that he has no right to represent either the Trust or the DNC in federal court. Nevertheless, in the sanctions hearing, Wirs expressed an opinion that he was "not permitted by law to delegate to other professionals what . . . should be ministerially [*sic*] done."[61] Wirs has rejected the clear direction of multiple courts on this point,

---

[56] *See* Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 2–10 (describing Wirs's history of litigation against the RNC, purportedly on behalf of the Trust and the DNC).

[57] July 22, 2016 Order of Pa. Super. Ct. [Doc. No. 3-3] at 2–3 (finding that Wirs's "appeal was frivolous and his conduct was dilatory, obdurate and vexatious" and awarding counsel fees against him). See also *In re Roosevelt-Bentman Tr. for Am. Voters Inter Vivos Tr.*, No. 2113 EDA 2017, 2018 WL 4766550, at *2, n.4 (Pa. Super. Ct. Oct. 3, 2018) (quotations omitted) (characterizing the awards of the Orphans' Court against Wirs and his then-lawyer, Lawrence M. Otter, Esq., as "a sanction . . . for dilatory, obdurate, or vexatious conduct during the pendency of a matter.").

[58] Order Sept. 30, 2019 [Doc. No. 9] at 1 n.1 ("Mr. Wirs is . . . advised that if he is not a licensed attorney, he cannot represent either the Democratic National Committee or the Lincoln Charitable Trust in this matter."); Order Nov. 13, 2019 [Doc. No. 18] ("[I]t appears that Peter J. Wirs is not a licensed attorney. As such, he may not represent either a corporation, partnership, shareholder, trust, or any other association in federal court."); Order Dec. 6, 2019 [Doc. No. 28] at 1 n.1 ("[Wirs's] flagrant disregard for court orders and judgments has been further exhibited in this matter by [Wirs's] repeated failure to obtain counsel to litigate the purported interests of either the Democratic National Committee or the Lincoln Charitable Trust. Despite having been advised by this Court of his inability to represent either of these entities in this litigation—due to the fact that he is not a licensed attorney—Mr. Wirs has continued to file numerous frivolous filings.").

[59] Mem. Op. Sept. 30, 2021 [Doc. No. 44] at 20 ("Wirs lack[s] the authorization to represent either the Trust or the DNC, as he is not an attorney and may not appear pro se on behalf of a distinct legal entity.").

[60] *In re Motion to Confirm,*, 823 F. App'x at 114 ("Wirs cannot proceed pro se in this appeal on behalf of the Lincoln Charitable Trust or the DNC.").

[61] Hr'g Tr. [Doc. No. 51] at 8.

and injunctive relief is appropriate to protect both the DNC and the Trust from Wirs's future filings. Further, this sanction imposes *no* burden on Wirs, as Wirs is not a licensed attorney and has no legal authority to assert claims on behalf of third parties in any federal court.[62]

### C. Bonding and Monetary Sanctions

Finally, the RNC has asked this Court to grant monetary sanctions under Rule 11 in the form of counsel fees, and that Wirs be required to post bond for counsel fees for future filings.[63] Rule 11 explicitly authorizes sanctions, "if imposed on motion and warranted for effective deterrence," in the form of "order[s] directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation" of Rule 11.[64] Here, counsel for the RNC estimated that legal fees incurred in relation to Wirs's Rule 60(d)(3) motion, the RNC's Motion for Sanctions, and the other recent filings before this Court resulted in fees and expenses "between $10,000 and $35,000."[65]

Wirs's repeated rejection of court orders and years of frivolous litigation has unquestionably burdened the RNC with significant counsel fees.[66] Sanctions under Rule 11 must be designed to "deter future frivolous litigation conduct, not to reward or compensate Defendant's counsel."[67] Rule 11 expressly permits sanctions to be based on the "reasonable

---

[62] *See In re Motion to Confirm*, 823 F. App'x at 114 (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010) (per curiam) for the proposition that "an individual proceeding *pro se* may not represent third parties in federal court.").

[63] Hr'g Tr. [Doc. No. 51] at 13–14.

[64] Fed. R. Civ. P. 11(c)(4).

[65] Hr'g Tr. [Doc. No. 51] at 15.

[66] *See* Hr'g Tr. [Doc. No. 51] at 13–14 (alleging that the RNC has spent hundreds of thousands of dollars "defending against all this frivolity.")

[67] *O.R. v. Hutner*, 515 F. App'x 85, 87 (3d Cir. 2013) (affirming imposition of sanctions to "deter further frivolous litigation conduct, not to reward or compensate Defendants' counsel."); *see also Egnotovich v. Greenfield Twp.*

attorney's fees and other expenses" that result directly from a Rule 11 violation, so that sanctioned parties internalize the cost of their frivolous and vexatious behavior on the public and the court system.[68] For this reason, it is appropriate to defer ordering a specific monetary grant until such time as the RNC submits specific billing records, so that the Court may assess what fees and expenses reasonably resulted from Wirs's sanctionable conduct.

While any determination that a pattern of conduct is vexatious or frivolous must necessarily consider the full scope of the sanctioned party's actions, the amount of attorney's fees awarded will not be based on the entire course of conduct.[69] This Court's grant of attorney's fees and expenses will not include legal fees or other expenses incurred before the Order of January 29, 2020.[70] That Order denied the RNC's previous motion for sanctions, and the Court will not award the attorney's fees contemplated by that motion and accompanying order. Any grant of sanctions will also exclude from consideration any expenses incurred in relation to proceedings before the Third Circuit or the Pennsylvania state courts. This limitation is appropriate to respect the independent powers of those courts to govern proceedings in their own fora.

---

*Sewer Auth.*, 304 F. App'x 94, 98 (3d Cir. 2008) (emphasizing that "the main purpose of Rule 11 is to deter, not to compensate.").

As this Court has noted, monetary sanctions under Rule 11 are "never properly characterized as an award of damages." Order September 30, 2021 [Doc. No. 45] at 17 n.79. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99, 104 (2d Cir. 2015) (vacating a district court award of Rule 11 sanctions for abuse of discretion when such sanctions were used to "enforc[e] or collect[] damages."); *Elliott v. M/V LOIS B.*, 980 F.2d 1001, 1008 (5th Cir. 1993) (vacating an award of sanctions where the sanction amount was tied to specific damages, as such sanction was effectively "a substitute for tort damages and beyond the scope of Rule 11.").

[68] Fed. R. Civ. P. 11(c)(4).

[69] *See Young*, 905 F.3d at 237 (citations omitted).

[70] Order Jan. 29, 2020 [Doc. No. 33].

The RNC also asks this Court to require Wirs to post a bond for counsel fees when bringing any action without the express leave of this Court.[71] Such bonding requirements fall within the broad array of monetary sanctions and nonmonetary injunctions that District Courts use to deter repetition of conduct violating Rule 11.[72] Bond requirements for newly filed cases are particularly appropriate in cases where nearly identical claims have been litigated before multiple courts, and where a plaintiff's specific "history of [nearly identical] litigation . . . provide[s] a concrete basis for finding that there [is] a sufficiently high probability of harassing, frivolous litigation to justify a pre-filing approval order (and bond requirement) in a new case."[73] However, the bond requirement represents a significant barrier to access to the courts, and so must be narrowly tailored to the specific circumstances, resources, and conduct of the sanctioned party.[74]

Here, a bond requirement is appropriate because Wirs has ignored monetary sanctions granted by other courts. On March 6, 2017, the Philadelphia Orphan's Court granted a sanctions petition filed by the RNC, and awarded the RNC fees in the amount of $35,000 against Wirs and

---

[71] Mem. [Doc. No. 44] at 13, 16.

[72] *See, e.g.*, *Eighteen Cap. Grp. v. Cotton*, 2021 WL 2519001, at *1 (N.D. Ga. Apr. 14, 2021) (requiring a party to post $700 bonds for prospective sanctions awards under Rule 11 for each related action, where that party had repeatedly attempted to remove state proceedings to federal court despite explicit warnings from the district court that there was no federal jurisdiction over the proceedings and that the party risked sanction by seeking further removals); *see also Strojnik v. Albuquerque Boca Hotel, LP*, 2021 WL 3569442, at *6 (D.N.M. Aug. 12, 2021).

[73] *Mankaruse v. Intel Corp.*, 855 F. App'x 722, 725 (Fed. Cir.), *cert. denied*, No. 21-153, 2021 WL 4733348 (U.S. Oct. 12, 2021).

[74] *See De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 782 (11th Cir. 2015) (rejecting a Rule 11 sanction imposing a cash-bond requirement for future filings where the district court "did not explain its reasoning for, or make any factual findings in support of" the specific amount of the bond or the specific conduct of the sanctioned party that warranted such a requirement).

15

in the amount of $29,312.10 against Wirs and his then-attorney, jointly and severally.[75] The RNC alleges, and Wirs does not deny, that no amount of that sanction has been paid by Wirs.[76] This history of unpaid sanctions justifies a prospective bond requirement where such sanctions are likely to be imposed.

However, the Court does not possess information about the specific financial resources of Wirs, and the Third Circuit has cautioned that monetary sanctions should consider "the sanctioned party's ability to pay."[77] For this reason, the Court will place a bonding requirement on future counseled filings by Wirs arising from or related to the claims litigated before this Court. The required bond will be in an amount to be determined by this Court at the time of filing. In making such determination the Court will consider the nature and extent of the newly asserted claims, along with any submission of specific information regarding the financial resources available to Peter J. Wirs and counsel of record.

---

[75] Def.'s Resp. Opp'n Mot. Confirm Arb. Award [Doc. No. 3] at 7; July 22, 2016 Order of Pa. Super. Ct. [Doc. No. 3-3] at 2–3.

[76] Hr'g Tr. [Doc. No. 51] at 12.

[77] *Young*, 905 F.3d at 237 (citations omitted).

## V. CONCLUSION

Wirs has pursued frivolous actions in multiple courts for years, seeking to confirm fake arbitration awards. When the Pennsylvania courts issued monetary sanctions against Wirs for this conduct, he failed to pay, and instead brought his fake arbitration award to federal court. In the process, Wirs has regularly mischaracterized, misinterpreted, or simply ignored the clear orders of federal courts, including the Third Circuit. Considering this history, the Court imposes the sanctions described herein to protect the courts and others from Wirs's abusive litigation. An appropriate order will be entered.